IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOHN FULLEN                                                                      PLAINTIFF

v.                                           CIVIL NO. 20-cv-6084

ANDREW SAUL, Commissioner                                           DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, John Fullen, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed his application for DIB on October 13, 2017. (Tr. 69). In his application, Plaintiff alleged disability beginning on September 21, 2017, due to: degenerative disc disease, arthritis, a bulging disc, numbness in both legs, swelling of legs and toes, atrial fibrillation, muscular skeletal cramps, and Lyme disease. (Tr. 69, 223). An administrative hearing was held on August 13, 2019, at which Plaintiff appeared with counsel and testified. (Tr. 69, 119-41).

On September 9, 2019, the ALJ issued an unfavorable decision. (Tr. 66). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: degenerative disc disease, peripheral neuropathy, osteoarthritis,

1

obstructive sleep apnea, atrial fibrillation, Lyme disease, and obesity. (Tr. 71). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 72). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a), except this individual can occasionally climb, stoop, crouch, kneel, crawl, and reach overhead, but is able to frequently handle and finger.
> (Tr. 73-76).

With the help of a vocational expert, the ALJ found Plaintiff would be unable to perform his past relevant work, but would be able to perform the representative occupations of: telephone solicitor with 113,000 jobs in the nation; document preparer with 46,000 jobs in the nation; or surveillance system monitor with 6,600 jobs in the nation. (Tr. 76-78). The ALJ found Plaintiff was not disabled from September 21, 2017, through the date of his decision. (Tr. 78).

Subsequently, Plaintiff filed this action. (Doc. 2). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 14, 15).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial

2

evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff brings the following points on appeal related to the ALJ's RFC assessment: 1) whether the ALJ's assessment of Plaintiff's Lyme disease failed to account for the limitations associated with this disease; 2) whether the ALJ erred in his assessment of Plaintiff's cervical disc disease; and 3) whether the ALJ failed to give proper consideration to Plaintiff's chronic pain and other non-exertional limitations. (Doc. 14). Defendant argues the ALJ properly considered all of the evidence including treatment records and medical opinion evidence, and the decision was supported by substantial evidence. (Doc. 15).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 12th day of April 2021.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE